**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

**Fed. R. App. P. 32.1**

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted August 17, 2012
Decided August 28, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| **No**. 12-8029 | |
| JENNIFER VANG,<br>            *Plaintiff-Respondent*,<br><br>v.<br><br>KOHLER CO.,<br>            *Defendant-Petitioner*. | Petition for Leave to Appeal from an Order of the United States District Court for the Eastern District of Wisconsin.<br><br>No. 09-C-842<br>William E. Callahan, Jr.,<br>*Magistrate Judge*. |

**Order**

The district court has certified a class of workers at Kohler Co., who contend that the firm violated Wisconsin law by telling employees not to record overtime hours. Kohler has asked for permission to appeal under Fed. R. Civ. P. 23(f). We grant that request and remand summarily.

Two months ago we granted an earlier request for permission to take a Rule 23(f) appeal and remanded for further consideration, because the district court had not completed its analysis of the commonality requirement in Rule 23(a)(2). Kohler contends that there is no common question, because its formal policy is that *all* hours must be recorded and compensated. Plaintiffs contend that many if not most supervisors contravene that policy, but decisions such as *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541

(2011), hold that Rule 23(a)(2) does not permit certification of a class when store-level managers have varying policies. It was not clear to us, moreover, that Wisconsin law supported plaintiffs' theory.

On remand, the district court reiterated its decision that class certification is appropriate. But that opinion did not cite or discuss *Wal-Mart*, and we have since issued a new decision discussing *Wal-Mart*'s proper application. See *Bolden v. Walsh Construction Co.*, No. 12-2205 (7th Cir. Aug. 8, 2012). It would be appropriate for the district court to take full account of *Wal-Mart* and *Bolden*, so we remand a second time.

Plaintiffs contend that *Ross v. RBS Citizens, N.A.*, 667 F.3d 900 (7th Cir. 2012), shows that an informal policy can support class certification in a wages-and-hours case. The policy in *Ross*, however, had been adopted by the employer's top management (or so the plaintiffs contended). There was thus a single, firm-wide policy that could satisfy Rule 23(a)(2); both *Wal-Mart* and *Bolden* conclude that a class may be certified under those circumstances. See also *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482 (7th Cir. 2012). The allegation in this suit, by contrast, appears to be that particular superiors regularly departed from the policy established by Kohler's top brass. Under *Wal-Mart* and *Bolden* such variable circumstances do not present a common question.

On remand the district court may think it prudent to take evidence to determine whether this suit concerns one firm-wide policy or a congeries of supervisor-level practices. There is no obstacle to examining issues that affect class certification as well as the merits. See *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676–99 (7th Cir. 2001), approved in *Wal-Mart*, 131 S. Ct. at 2552. Unless plaintiffs can establish a firm-wide policy, Rule 23(a)(2) prevents class certification.

VACATED AND REMANDED